IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LINDA ANN BORRA, § § Plaintiff, § § v. § KILOLO KIJAKAZI,[1] § *Acting Commissioner of Social Security*, § § Defendant. § | Civil Action No. 4:21-cv-447-ALM-KPJ |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Linda Ann Borra ("Ms. Borra") brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for disability insurance benefits. Having considered the briefs submitted by the parties and the administrative record, the Court recommends that the Commissioner's final decision be **AFFIRMED**.

### I. APPLICABLE LAW

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

1

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; or (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) ("The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis.").

### B. Standard of Review

The standard of review in a social security appeal is whether the Commissioner's final decision[3] "is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling*, 36 F.3d at 434 (quoting *Villa*, 895 F.2d at 1022). If substantial evidence supports the Commissioner's findings and the correct legal

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pena v. Saul*, 846 F. App'x 308, 309 (5th Cir. 2021) (internal quotation marks omitted) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "[I]t must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Bailey v. Saul*, 853 F. App'x 934, 935 (5th Cir. 2021) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475). Rather, evidentiary conflicts are for the Commissioner to decide, and "if a decision is supported by substantial evidence, it must be affirmed even if there is contrary evidence." *Bailey*, 853 F. App'x at 935 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). However, the Court must do more than "rubber stamp" the decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner's] findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

## II. BACKGROUND AND PROCEDURAL HISTORY

Ms. Borra was born in 1957, completed college, and worked for several years as a school secretary.[4] *See* Tr. 51, 292. Ms. Borra stopped working in 2018. *See* Tr. 26. On September 8, 2018, Ms. Borra filed an application for Disability Insurance Benefits ("DIB"), alleging disability since June 1, 2013, due to a back injury, stroke, and depression. *See* Tr. 293, 379–82. The Social Security Administration ("SSA") denied Ms. Borra's claim initially on February 11, 2019, and upon reconsideration on June 24, 2019. *See* Tr. 326–29, 332–34. Thereafter, Ms. Borra filed a written request for a hearing. *See* Tr. 335. On June 4, 2020, Administrative Law Judge Carolyn Keen (the "ALJ") held a hearing. *See* Tr. 44–74. The hearing was attended by Ms. Borra and a vocational expert. *See* Tr. 23, 44. Ms. Borra waived her right to representation and testified at the hearing without the assistance of an attorney or other representative. *See* Tr. 23, 47–48.

On August 10, 2020, the ALJ issued an unfavorable decision denying Ms. Borra's claim. *See* Tr. 20–38. In her decision, the ALJ found that Ms. Borra met the insured status requirements of the Social Security Act (the "Act") through March 31, 2020. *See* Tr. 26. At step one, the ALJ found that Ms. Borra had not engaged in substantial, gainful activity since June 1, 2013, her alleged onset date.[5] *Id*. At step two, the ALJ found that Ms. Borra had the following severe impairments: degenerative disc disease—lumbar with radiculopathy, spondylosis, post-laminectomy syndrome status-post sacral iliac joint fusion; cerebrovascular accident; osteoarthritis—bilateral knees; and hypertension. *Id.* The ALJ found that Ms. Borra's hypertensive heart disease without heart failure, diabetes mellitus, history of previous transient ischemia in the left cerebral hemisphere in 2010,

---

[4] Documents 6-1 through 6-11 comprise the Administrative Record ("Tr."). When citing to the record, the Court cites to the Tr.'s internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[5] Although Ms. Borra worked past her alleged June 1, 2013, disability onset date, the ALJ found that the post-onset date work activity did not rise to the level of substantial gainful activity. *See* Tr. 26.

and irritable bowel syndrome were non-severe impairments. *Id.* The ALJ also found that Ms. Borra's medically determinable mental impairments of major depressive disorder and generalized anxiety disorder were non-severe impairments. *Id.* at 27. At step three, the ALJ found that none of Ms. Borra's impairments, alone or in combination, met or medically equaled a Listing. *See* Tr. 28–30. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Borra's RFC. *See* Tr. 30–37. The ALJ found Ms. Borra had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except for the following: she can occasionally climb ramps and stairs. [She] can never climb ladders, ropes or scaffolds. [She] can occasionally balance, stoop, kneel, crouch, or crawl. She cannot work at unprotected heights. [She] requires restroom breaks that can be accommodated by regular breaks.

*See* Tr. 30. At step four, the ALJ found that Ms. Borra was capable of performing her past relevant work as a school secretary and job developer/placement specialist. *See* Tr. 37. Accordingly, the ALJ concluded Ms. Borra was not disabled within the meaning of the Act. *Id.*

Ms. Borra retained counsel and subsequently requested that the Appeals Council review the ALJ's unfavorable decision. *See* Tr. 8, 376–77, 520–23. On January 22, 2021, the Appeals Council denied the request for review. *See* Tr. 8–11. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 42 U.S.C. § 405(g). Ms. Borra filed her appeal to this Court on June 12, 2021.[6] *See* Dkt. 1.

### III. ANALYSIS

Ms. Borra raises two issues on appeal. First, Ms. Borra makes a number of due process related arguments concerning the hearing before the ALJ. *See* Dkt. 9 at 14–17. Second, Ms. Borra argues that the Appeals Council failed to address additional evidence Ms. Borra submitted in

---

[6] A claimant has sixty days to file an appeal. The sixty days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* Tr. 2. In this case, Ms. Borra received an extension of time to file her appeal. *See* Tr. 1.

connection with her request for review. *Id.* at 17–19. For the reasons discussed below, the Court finds that Ms. Borra's arguments lack merit, and therefore, the ALJ's decision should be affirmed.

### A. Due Process

As to her due process arguments, Ms. Borra specifically contends that she did not receive a full and fair hearing before the ALJ because (1) she was not given a copy of her file with all medical exhibits prior to the hearing and her file was not updated with all relevant medical records prior to the hearing, (2) the ALJ incorrectly noted her date last insured ("DLI") during the hearing, and (3) an exhibit ("Exhibit 15F") appears to not have been formally admitted by the ALJ. *See* Dkt. 9 at 11–12, 14–17. Ms. Borra couches these arguments in terms of due process. The Court, however, finds that her arguments lack merit for the reasons set forth below.

#### 1. Claims File

First, Ms. Borra asserts she did not receive a copy of her claims file in advance of the hearing before the ALJ in violation of the SSA's internal procedures. *See* Dkt. 9 at 11. She relies on a specific provision of the SSA's internal manual called the Hearings, Appeals, Litigation Law Manual ("HALLEX"), Section I-2-1-35. "While other courts have held HALLEX not binding on the Commissioner, the Fifth Circuit utilizes the following stringent standard: while HALLEX does not carry the authority of law, where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." *See Morgan v. Colvin*, 803 F.3d 773, 777 (5th Cir. 2015) (cleaned up) (citing *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000)). "[I]f prejudice results from a violation, the result cannot stand[.]" *Id.* Section I-2-1-35 of HALLEX provides that the claimant "has the right to examine all material in the claim(s) file"; when a claimant is unrepresented, as Ms. Borra was at

6

the hearing level, staff are required to "burn an encrypted compact disc (CD) of an electronic claim(s) file." *See* HALLEX I-2-1-35 A, B.1.

Although the SSA will "make every reasonable effort to *help* [claimants] get medical evidence from [their] own medical sources," providing such evidence is ultimately the claimant's responsibility:

> In general, *you* [the claimant] have to prove to us [the SSA] that you are blind or disabled. *You* must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. This duty is ongoing and requires *you* to disclose any additional related evidence about which you become aware.

§ 416.912(a)–(b) (emphasis added) (internal citation omitted). "The Fifth Circuit [ ] imposes a duty on an ALJ 'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Newton,* 209 F.3d at 458 (quoting *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995)). To determine whether the ALJ fully and fairly developed the record, the Court asks whether the record contained sufficient evidence for him to make an informed decision. *Goforth v. Comm'r, SSA*, No. 6:14-cv-591, 2016 WL 878323, *2 (E.D. Tex. Mar. 8, 2016). "So long as such evidence exists, the ALJ need not have supplemented the record with additional evidence." *Hernandez v. Astrue*, 269 F. App'x 511, 515 (5th Cir. 2008) (citing 20 C.F.R. §§ 404.1516, 416.916).

Here, although Ms. Borra told the ALJ she did not receive an encrypted CD prior to the hearing, the administrative record confirms that the hearing office sent an encrypted CD of the claims file to Ms. Borra on February 21, 2020, approximately four months prior to the hearing. *See* Tr. 492, 502–03. As such, there was no violation of Section I-2-1-35 of the HALLEX. Furthermore, even assuming Ms. Borra did not receive the CD, she told the ALJ during the hearing that hearing office staff contacted her before the hearing to review the contents of her file. *See* Tr. 48. In advance of the hearing, Ms. Borra also prepared and sent to the hearing office a list of recent medical treatment, her work background, a list of medications, and a four-page detailed

7

chronology of her medical history through May 2020. *See* Tr. 506–15. During the hearing itself, the ALJ engaged in a lengthy discourse with Ms. Borra regarding her medical history in order to ascertain what, if any, additional medical records were needed. *See* Tr. 55 (ALJ indicating that she had "all the medical records from 2018 and on"); Tr. 57–58 (ALJ indicating that the hearing office would request records from the University of Michigan hospital as well as a Michigan chiropractor); Tr. 58 (ALJ noting that the hearing office had already requested records from Dr. Sheik); Tr. 59 (ALJ stating that the hearing office will try to get some records from 2013 through 2018 from Dr. Watson). The ALJ further advised Ms. Borra that all of the exhibits would be sent to her after the hearing so that she would have an opportunity to review the evidence and lodge objections, if any, to the exhibits. *See* Tr. 49. The record shows that Ms. Borra was emailed the exhibits, and she subsequently confirmed in an email: "I have reviewed all the exhibits, including the additional medical information and I have no objection to the content of these exhibits." *See* Tr. 517. It was only at this point that the ALJ rendered her decision.

The Court notes that during her post-hearing correspondence with the hearing office, Ms. Borra did not indicate that the record was incomplete or in need of further development. On appeal to this Court, Ms. Borra now claims that her updated mental health records were not included in the file. *See* Dkt. 9 at 17. Beyond making this cursory assertion, Ms. Borra offers no further details. The Court is therefore left guessing as to what records she is referencing. The Court also notes that there are mental health records in the file, as pointed out by the Commissioner. *See* Dkt. 10 at 8 n.4.

In light of the ALJ's diligent efforts to ensure completeness of the file and Ms. Borra being given an opportunity to review the evidence before the ALJ issued a decision, the Court concludes that Ms. Borra has not shown any error, much less prejudicial error. *See Morgan*, 803 F.3d at 777

(HALLEX violation is grounds for reversal where claimant establishes prejudice due to the violation); *see also Gonzalez v. Barnhart*, No. 02-50270, 51 F. App'x 484 (5th Cir. 2002) (finding no failure to develop record where ALJ inquired whether plaintiff desired to present additional evidence); *see also Juszkowski v. Berryhill*, No. 18-14023, 2019 WL 7998876, at *6 (E.D. Mich. Nov. 30, 2019) (finding the claimant failed to show prejudice where he "fail[ed] to expound on how viewing the contents of the CD beforehand would have changed the outcome of the ALJ's decision."), *R. & R. adopted sub nom. Juszkowski v. Soc. Sec. Comm'r*, No. 18-14023, 2020 WL 467851 (E.D. Mich. Jan. 29, 2020).

On a related note, Ms. Borra makes one final argument regarding her claims file, which the Court also finds lacks merit. Ms. Borra argues that had she been able to access her file before the hearing, she could have done more to ensure that the ALJ gathered information regarding Ms. Borra's "diagnosis of MS [multiple sclerosis]." *See* Dkt. 9 at 16. She specifically suggests that a medical expert should have been consulted post-hearing to conduct "an analysis [related to] demyelination and MS." *Id.* Ms. Borra's argument is purely speculative that a consultative examiner would reach a different conclusion than Ms. Borra's treating providers who, as the ALJ noted during the hearing, had ruled out multiple sclerosis. *See* Tr. 60 (ALJ stating during the hearing that "I did see where they were originally considering the MS and it looked like they ran a bunch of tests. And then they were able to rule out MS."). In fact, Ms. Borra herself acknowledged during the hearing that her treating providers had ruled out multiple sclerosis. *See* Tr. 59 ("[T]hey suspected MS. But what [I] ultimately ended up getting diagnosed with[,] they said I had another stroke based on the MRI of the brain."). In general, the ALJ's decision to consult a medical expert is a discretionary one. *See Haywood v. Sullivan*, 888 F.2d 1463, 1467–68 (5th Cir. 1989) ("[N]othing indicates that a [medical advisor's] evaluation of the post-hearing evidence

9

was required for the discharge of the ALJ's duty to conduct a full inquiry into the claimant's allegations."). While the ALJ has discretion to order a consultative examination, an exam at government expense is not required unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision. *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *8 (5th Cir. 2005). Here, Ms. Borra offers only speculation that a further medical opinion would change the ALJ's findings. "A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden." *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012). Ms. Borra has presented no basis for the Court to conclude that further development of the record was necessary for the ALJ to make a disability decision.

In sum, Ms. Borra has not shown any error related to her claims file, and even if she had, she has not established any resulting prejudice. *Goforth*, 2016 WL 878323, at *2 (citing *Ripley*, 67 F.3d at 557) (explaining that reversal for "failure to develop the record" is appropriate "only where the claimant shows prejudice"). Accordingly, remand is not warranted on this issue.

### 2. Date Last Insured ("DLI")

Ms. Borra also alludes to possible error arising from the ALJ's use of an incorrect DLI during the hearing. *See* Dkt. 9 at 11–12. During the hearing, the ALJ identified December 31, 2019, as Ms. Borra's DLI when, in fact, Ms. Borra's DLI was March 31, 2020. *See* Tr. 47 (ALJ telling Ms. Borra that she has "a date last insured of December 31, 2019 . . . [and] must show that [her] disability began on or prior to that December 2019 date."). The Commissioner does not dispute that the ALJ used the wrong DLI during the hearing, but contends the error was harmless because the ALJ used the correct date in her written decision. *See* Dkt. 10 at 7. The Commissioner

further argues that Ms. Borra was not prejudiced because the ALJ considered all of the evidence through the date of her decision. *Id.*

In general, to be eligible for DIB benefits, a claimant must establish a disabling impairment prior to the expiration of her DLI. *See* 42 U.S.C. § 423(c)(1) (effective Nov. 2, 2015, to Dec. 21, 2020) (defining "insured" for purposes of a DIB claim); 20 C.F.R. §§ 404.131(a), 404.320(b)(2) (discussing insured status for purposes of DIB benefits); SSR 83-10, 1983 WL 31251, at *8 (1983) ("Under Title II, a period of disability cannot begin after a worker's disability insured status has expired."); SSR 18-01p, 2018 WL 4945639, at *5 (Oct. 2, 2018) (claimant must demonstrate disability prior to the expiration of his or her insured status).

Here, it appears the ALJ indicated December 31, 2019, was Ms. Borra's DLI during the hearing because the SSA had previously used this date as the DLI at both the initial and reconsideration levels. *See* Tr. 292, 307, 448. Despite this error at the agency level, the ALJ ultimately used the correct DLI in her written decision. *See* Tr. 26. Furthermore, the ALJ's analysis spanned the entire administrative record, and it is clear she considered all of the relevant medical evidence in the record, including that which post-dated March 30, 2020, the correct DLI. *See* Tr. 27–28 (considering Dr. Octavio La Pena, M.D.'s treatment notes from May 21, 2020 and June 12, 2020 visits); Tr. 35 (considering treatment records, dated January 2019 – May 2020, from Texas Back Institute; an April 28, 2020 office visit with Dr. Luke Yen-Luan Ouyang, M.D.; and May 2020 treatment records from Dr. Ralph Rashbaum, M.D.); *see also id.* (ALJ's summary of medical evidence in the record, including evidence that post-dated March 31, 2020). Based on the ALJ's use of the correct DLI in her written decision and the ALJ's clear consideration of all relevant medical evidence through March 31, 2020, the Court agrees with the Commissioner that Ms. Borra has not shown she was prejudiced by the ALJ's articulation of an incorrect DLI during the hearing.

Remand is not warranted on this issue. *See Young v. Colvin*, No. 3:13-cv-3489, 2014 WL 4851565, at *28 (N.D. Tex. Sept. 30, 2014) (finding the claimant was not prejudiced by the ALJ's use of an incorrect DLI where the ALJ considered all relevant evidence in the record, including evidence from the time period between December 30, 2011 (incorrect DLI) and December 30, 2012 (correct DLI)); *Houchens v. Kijakazi*, No. 1:20-cv-173, 2022 WL 526239, at *3 (W.D. Ky. Feb. 22, 2022) ("[T]he ALJ's error appears to be harmless because Plaintiff has not demonstrated prejudice from the ALJ's use of the incorrect date [last insured].") (citing *Ferguson v. Comm'r of Soc. Sec.*, No. 15-2714, 2017 WL 9473077, at *11 (N.D. Ohio Jan. 25, 2017) ("Courts have held that the use of an incorrect date last insured may be harmless when the ALJ's denial of disability benefits does not turn on a plaintiff's date last insured, or the plaintiff cannot show prejudice from the use of the incorrect date.")); *Gore v. Astrue*, 2010 WL 4053639, at *5 (N.D. Tex. Sept. 15, 2010) (finding harmless error where the ALJ considered medical evidence beyond the incorrect date last insured).

### 3. Exhibit 15F

Next, Ms. Borra argues that Exhibit 15F was not properly admitted. *See* Dkt. 9 at 15. Exhibit 15F consists of treatment records from a urologist, Dr. Michael Gross, M.D., who treated Ms. Borra for approximately four months in 2019. *See* Tr. 933–65. During the June 4, 2020 hearing, the ALJ provisionally admitted Exhibits 1 through 14F, and held the record open for receipt of additional evidence. *See* Tr. 49. On July 9, 2020, the ALJ proffered additional evidence to Ms. Borra, which the ALJ marked as Exhibits 16F through 19F. *See* Tr. 518; Tr. 23. Subsequently, the ALJ admitted Exhibits 16F through 19F. *See* Tr. 23 (hearing decision wherein ALJ noted that "[t]he post-hearing evidence was proffered to the claimant . . . [and she] had no objection to the evidence."). Because the admitted exhibits skipped from 14F to 16F, Ms. Borra asserts that the failure to account for Exhibit 15F constitutes reversible error. *See* Dkt. 9 at 15.

The ALJ "has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (quotation omitted); *see* 20 C.F.R. § 404.1512(b). The ALJ's obligation to develop a full and fair record rises to a "special duty" in cases such as this one, "where an unrepresented claimant unfamiliar with the hearing procedures appears before [the ALJ]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). In such cases, the ALJ is required to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 1219–20 (quotation marks omitted). "The failure of the ALJ to develop an adequate record is not, however, ground for reversal per se." *Id.* at 1220. The claimant must still "show that she was prejudiced" as a result of the failure—that is, "[s]he must show that, had the ALJ done his duty, she could and would have adduced evidence that might have altered the result." *Id.*; *Webster*, 19 F.4th at 720 (stating that an ALJ's failure to develop the facts fully and fairly "is not reversible error unless the claimant is prejudiced.").

The Court finds the ALJ did not commit reversible error in her consideration of Exhibit 15F. Although the ALJ did not mention Exhibit 15F during the hearing, she considered the exhibit in her written decision. The ALJ specifically noted a July 3, 2019 visit to Dr. Gross where Ms. Borra was "negative for anxiety and depression." *See* Tr. 27. The ALJ also considered Dr. Gross's records regarding "a urinary tract infection [that] was likely resolved with antibiotics" as well as a bilateral extracorporeal shock wave lithotripsy procedure performed by Dr. Gross on August 13, 2019, with "excellent fragmentation results." *See* Tr. 35. In her brief, Ms. Borra does not indicate what, if any, error there was in the ALJ's above findings regarding Dr. Gross's treatment records. In addition, the Court notes the final List of Exhibits attached to the hearing decision shows that Exhibit 15F was made part of the administrative record prior to the hearing, and only Exhibits 16F through 19F were added "subsequent to the hearing." *See* Tr. 42; *see also* HALLEX § I-2-1-

13

20(B)(3) ("An exhibit list in final form is required when an ALJ issues a less than fully favorable decision to protect the claimant's due process rights. The claimant is entitled to know the information the ALJ relied on when making the decision."). Finally, although Ms. Borra speculates in her brief whether she was sent Exhibit 15F for review, the record confirms otherwise. In post-hearing correspondence, Ms. Borra confirmed that she reviewed "documents 1A thru 19F . . . along with an additional 6 pages" and that "she did not object to the content to these exhibits." *See* Tr. 517; *see also id.* ("I have reviewed all of the exhibits, including the additional medical information and I have no objection to the content of these exhibits.").

Ultimately, "[p]rocedural perfection in administrative proceedings is not required as long as the substantive rights of a party have not been affected." *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (internal quotation marks and citation omitted). Ms. Borra has presented no basis for the Court to conclude that the ALJ's consideration of Exhibit 15F, and any related procedural error, affected Ms. Borra's substantive rights. In sum, the Court finds that Ms. Borra has not met her burden of showing that she was prejudiced by the ALJ's failure to explicitly state whether she was admitting Exhibit 15F. *See Tuesdey D.-B. v. Saul*, No. 2:18-cv-215, 2019 WL 4597496, at *2 (D. Me. Sept. 23, 2019) (rejecting claimant's argument that the ALJ did not admit Exhibit 17F because "Exhibit 17F was listed as one of the medical record exhibits in the administrative record, and the ALJ did not specifically exclude it" and "it is apparent from the administrative record that the ALJ considered the very medical documents at issue—the Mercy Pain Center records—and concluded that the possible diagnosis of CRPS contained therein did not document any additional functional impairment aside from what was already found in the RFC.").

### B. Appeals Council

After the ALJ issued her unfavorable decision on August 10, 2020, Ms. Borra retained counsel and sought review from the Appeals Council. Ms. Borra submitted additional evidence to the Appeals Council and asked the Appeals Council to consider such evidence in its review of the ALJ's decision. The additional evidence consisted of approximately 216 pages of medical records from various providers, with treatment dates ranging from October 18, 2010, through October 8, 2020. *See* Tr. 75–291. In denying Ms. Borra's request for review, the Appeals Council determined that most of the records did "not show a reasonable probability that [they] would change the outcome of the decision," and the remaining records did not "relate to the time period at issue" and thus, did not "affect the decision about whether [Ms. Borra] was disabled beginning on or before March 31, 2020." *See* Tr. 9. Ms. Borra argues on appeal that the Appeals Council erred by declining to consider this additional evidence. *See* Dkt. 9 at 17–19. For the reasons that follow, the Court finds that the Appeals Council properly declined to consider the additional evidence tendered by Ms. Borra.

The Appeals Council will consider additional evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (both effective Jan. 17, 2017, to Dec. 15, 2020). In addition, the claimant must show "good cause" for not submitting the additional evidence for the ALJ's consideration. 20 C.F.R. §§ 404.970(b), 416.1470(b) (both effective Jan. 17, 2017, to Dec. 15, 2020). Ms. Borra "bears the burden" of showing the Appeals Council erred. *See Easley v. Kijakazi*, 2022 WL 1714630, at *2 (5th Cir. 2022).

With the exception of a few treatment records from Dr. Maushmi Sheth, MD, Ms. Borra does not engage in the above analysis with respect to any of the additional evidence she submitted to the Appeals Council. Aside from making conclusory and general assertions that the Appeals Council committed error, Ms. Borra does not address how any of the additional evidence was new, material, or presented a reasonable probability of a different outcome. *See* Dkt. 9 at 17–19. The Court therefore finds Ms. Borra has failed to meet her burden with regard to most of the additional evidence submitted to the Appeals Council.

Nor has Ms. Borra demonstrated error with regard to the Appeals Council's consideration of Dr. Sheth's treatment records from 2020. The ALJ's decision was issued on August 10, 2020, and Ms. Borra did not seek treatment from Dr. Sheth until September 1, 2020. *See* Tr. 20, 101–03. Because the records concern treatment Ms. Borra received after the ALJ's decision, the Appeals Council properly found the records did not relate to the time period at issue. *See* Tr. 9. Ms. Borra nonetheless appears to contend that the records are relevant to the time period at issue because they contain "elements of longitudinal analysis" and confirm a "definite MS" diagnosis. *See* Dkt. 9 at 18. The Court disagrees with Ms. Borra's characterization of these records. As the Commissioner points out, the records do not show a "definite MS" diagnosis, but only that it was "*likely* multiple sclerosis rather than vascular etiology." *See* Tr. 78 (emphasis added). That it was not a definite MS diagnosis is bolstered by the fact that Ms. Borra declined "disease modifying therapies for MS" and that she was instructed to return for a repeat MRI in one year if she remained stable. *Id.* As for Ms. Borra's argument that Dr. Sheth's 2020 treatment records are relevant because they show a longitudinal analysis of imaging studies, the prior imaging studies and Dr. Sheth's treatment records from 2019 were already part of the record before the ALJ. *See* Tr. 912–32. The ALJ's decision reflects that she considered Dr. Sheth's 2019 treatment records and these

16

prior imaging studies. *See* Tr. 34–35. Furthermore, as Dr. Sheth noted, the new MRI and imaging studies taken in September 2020, like the prior imaging studies, showed there was "[n]o new active demyelination on [Ms. Borra's] MRI Brain *since 2018*." *See* Tr. 78 (emphasis added); *see also* Tr. 77–78 (noting that MRI dated 9/14/2020 showed "stable demyelinating disease[,] [n]o abnormal enhancement to suggest active demyelination[,] [s]table concomitant microvascular disease."). All told, Ms. Borra has failed to demonstrate a reasonable probability that Dr. Sheth's post-decision treatment of Ms. Borra would change the outcome of the decision. The Court therefore concludes Ms. Borra has not shown error in the Appeals Council's treatment of the additional evidence she submitted.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **AFFIRMED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

(en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 1st day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE